UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HOLLY LUDWIG,<br><br>  Plaintiff,<br><br>  v.<br><br>GARDEN CITY POLICE DEPARTMENT, MATT GAMBLE, T.J. MAYER, SGT. ANGELA LYTHGOE, and JOSHUA THORNDYKE,<br><br>  Defendant. | Case No. 1:24-cv-00221-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Holly Ludwig's application to proceed *in forma pauperis* (Dkt. 1). The Clerk of the Court conditionally filed Ms. Ludwig's Complaint as a result of her in forma pauperis request. *See* Dkt. 2. Pursuant to 28 U.S.C. § 1915, the Court must review Ms. Ludwig's application to determine whether she is entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, No. 1:13-cv-00441-CWD, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). Because she is filing to proceed in forma pauperis, 28 U.S.C. §

MEMORANDUM DECISION AND ORDER - 1

1915(e)(2)(b), the Court may "dismiss the case at any time if the court determines . . . the action . . . fails to state a claim on which relief may be granted." Without reaching the substance of her complaint, the Court will deny Ms. Ludwig's application to proceed in forma pauperis without prejudice.

## DISCUSSION

Plaintiffs who wish to pursue civil lawsuits in this district must pay a filing fee. 28 U.S.C. § 1914(a). If plaintiffs wish to avoid that fee, they must submit an affidavit showing they are unable to pay. 28 U.S.C. § 1915(a). "An affidavit in support of an *in forma pauperis* application is sufficient where it alleges that affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). The IFP statute does not define what constitutes insufficient funds, but the Ninth Circuit has recognized that "[o]ne need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Id.* (citing *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal quotation marks omitted). The granting or denial of leave to proceed in forma pauperis in civil cases is within the sound discretion of the district court. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**MEMORANDUM DECISION AND ORDER - 2**

Ms. Ludwig is employed at Flagship in Eagle, Idaho where she makes $3,000 a month, which totals $36,000 a year. *IFP Application* at 2, Dkt. 1. She has been employed there since November 2021. *Id.* She lives alone and is responsible for covering all of her monthly costs, which amount to about $1,790 each month. *Id.* at 4–5. She has $500 in her checking account, nothing in savings, and her only asset is a 2010 Jeep Liberty. *Id.* at 3. Although Ms. Ludwig mentions that she puts "money on the jails books [and for] things in collections like medical bills," she does not indicate if those are monthly expenses or how much she needs to contribute each month. *Id.* at 5.

Given Ms. Ludwig's statements in her IFP application, she does not qualify for IFP status. Ms. Ludwig's $36,000 salary puts her income well above the poverty threshold identified by the Department of Health and Human Services.[1] *See, e.g., Lint v. City of Boise*, No. CV09-72-S-EJL, 2009 WL 1149442, at *2 (D. Idaho Apr. 28, 2009) ("In determining whether a certain income level meets the poverty threshold under 28 U.S.C. § 1915(a), many federal courts look to the federal poverty guidelines developed each year by the Department of Health and

---

[1] *See* U.S. Dep't of HHS, *2024 Poverty Guidelines,* https://www.federalregister.gov/documents/2024/01/17/2024-00796/annual-update-of-the-hhs-poverty-guidelines (last visited Jun. 14 2024) (the poverty threshold for a single-person household in 2024 is set at $15,060).

**MEMORANDUM DECISION AND ORDER - 3**

Human Services[.]").

That said, whether a plaintiff is above the poverty line is not the sole consideration to determine IFP status. The more fundamental question is whether the payment of the court fees would deprive her of the necessities of life. *Escobedo*, 787 F.3d at 1234. Assuming Ms. Ludwig's expenses remain consistent, she should have just under half her monthly paycheck, $1,210, available as disposable income. The payment of a filing fee, then, would not deprive her of the necessities of life. *See e.g., Antonio Monterey D. v. O'Malley*, No. 3:3:24-CV-00051-BGS, 2024 WL 1574977, at *1 (S.D. Cal. Mar. 11, 2024) (denying Plaintiff's IFP application where his annual income was $24,999.96 and his average monthly expenses were $1,500, which left $500 of monthly discretionary income); *Campos v. Saul*, No. 1:19-cv-00248-REB, 2019 WL 13251985, *1 (D. Idaho July 11, 2019) (denying the plaintiff's motion to proceed IFP when the plaintiff's annual household gross income was $32,880 and the federal poverty guideline income was $25,750); *Johnson v. Leokane*, No. 08-00432 ACK-KSC, 2008 WL 4527065, at *3 n.2 (D. Haw. Oct. 9, 2008) (denying plaintiff's IFP application where the plaintiff's annual household gross income was $14,124, which was $2,164 more than the federal poverty guideline).

Accordingly, the Court will deny Ms. Ludwig's IFP application. It will,

**MEMORANDUM DECISION AND ORDER - 4**

however, do so without prejudice.[2] In sum, Ms. Ludwig must pay the filing fee before continuing with this suit.

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's application to proceed in forma pauperis (Dkt. 1) is **DENIED**.

2. Plaintiff has 28 days to pay the applicable filing fee. If she does not do so, this case may be dismissed without prejudice and without further notice.

DATED: June 20, 2024

B. Lynn Winmill
U.S. District Court Judge

---

[2] To clarify, without prejudice means that Ms. Ludwig may resubmit her application to the Court if there have been changes to her financial status.

**MEMORANDUM DECISION AND ORDER - 5**